**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 07-1256**

—————————

JOHN STEVEN LEROSE; REBECCA LAUREN LEROSE-SWEENEY; FRANK
GIGLIOTTI; EUGENE FRANCIS CONNELLY; RONALD AMATI,

                Plaintiffs - Appellants,

      v.

UNITED STATES OF AMERICA,

                Defendant - Appellee,

      and

WILLIAM D. COGER, JR.,

                Defendant.

—————————

Appeal from the United States District Court for the Southern
District of West Virginia, at Charleston.  John T. Copenhaver,
Jr., District Judge.  (2:03-cv-02372)

—————————

Argued:  March 18, 2008         Decided:  July 10, 2008

—————————

Before MICHAEL and GREGORY, Circuit Judges, and David R. HANSEN,
Senior Circuit Judge of the United States Court of Appeals for
the Eighth Circuit, sitting by designation.

—————————

Affirmed by unpublished opinion.  Judge Gregory wrote the
opinion, in which Judge Michael and Senior Judge Hansen joined.

—————————

**ARGUED:** Eric Bruce Snyder, BAILEY & GLASSER, L.L.P., Charleston, West Virginia, for Appellants. Fred B. Westfall, Jr., OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee. **ON BRIEF:** Benjamin L. Bailey, BAILEY & GLASSER, L.L.P., Charleston, West Virginia, for Appellants. Charles T. Miller, United States Attorney, Charleston, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

GREGORY, Circuit Judge:

John LeRose, Rebecca LeRose-Sweeney, Frank Gigliotti, Eugene Connelly and Ronald Amati ("Plaintiffs") filed a suit against the United States of America ("United States") under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671 et seq., asserting that the United States negligently hired, retained, and supervised William Coger ("Coger"), a former federal correctional officer, who extorted, *inter alia*, money from the Plaintiffs. Plaintiffs also assert a vicarious liability claim against the United States based on Coger's alleged misconduct. The district court granted the United States's motion to dismiss for lack of subject matter jurisdiction based on the discretionary function exception to the FTCA. On appeal, Plaintiffs contend that the district court erred by shifting the burden of proof to them that the discretionary function exception did not apply. Plaintiffs also argue that the district court incorrectly held that under West Virginia law, Coger's alleged conduct was outside the scope of employment. We disagree and affirm the district court's decisions.

I.

Plaintiffs asserted negligent hiring, supervision, and retention claims under the FTCA against the United States

3

arising from events that allegedly transpired at FCI Morgantown, a federal prison, and involved Coger, a former correctional officer at FCI Morgantown. Plaintiffs contended that Coger inflicted intentional emotional distress upon them "by attempting to extort and extorting money and other property from each of them." Coger allegedly demanded a truck, money, employment outside the prison, and football tickets among other things.

The United States denied Plaintiffs' allegations and contended that Plaintiffs' claims should be dismissed on summary judgment and/or lack of subject matter jurisdiction. The United States argued that Plaintiffs' theories of negligent hiring, supervision, and retention were barred by the discretionary function exception to the FTCA. In addition, the United States asserted that it was not vicariously liable for Coger's alleged misconduct because he had clearly acted beyond the scope of his employment as a correctional officer and had engaged in improper actions for his own purely personal motives.

The district court granted the United States's motion to dismiss for lack of subject matter jurisdiction based on the discretionary function exception to the FTCA found in 28 U.S.C. § 2680(a) and dismissed the Plaintiffs' claims for negligent hiring, supervision, and retention against the United States. The district court also granted the United States's motion for

4

summary judgment with regard to Plaintiffs' claim based on vicarious liability because Coger acted purely in his own personal interests and outside the scope of his employment with the United States and Bureau of Prisons ("BOP").  (J.A. 720-67.)

Plaintiffs subsequently filed a notice of appeal with regard to the district court's order.  We dismissed that appeal, ruling that Plaintiffs' did not appeal a final order or an otherwise appealable interlocutory or collateral order.  The district court entered a final judgment in favor of the United States pursuant to Federal Rules of Civil Procedure Rule 54(b).  Plaintiffs then filed a notice of appeal.

## II.

On appeal, Plaintiffs contend that the district court erred:  (1) by placing the burden of proof on them to establish that the discretionary function exception, 28 U.S.C. § 2680(a) did not deprive the district court of subject matter jurisdiction under 28 U.S.C. § 1346(b)(1) of the FTCA; (2) by improperly granting the United States's motion to dismiss for lack of subject matter jurisdiction; and (3) by improperly granting the United States's motion for summary judgment on the Plaintiffs' vicarious liability claim.  We address each of the Plaintiffs' claims below *seriatim*.

5

A.

Plaintiffs argue the district court improperly placed the burden on them to prove that the discretionary function exemption under the FTCA did not apply. The FTCA creates a limited waiver of the United States's sovereign immunity by authorizing damage actions for injuries caused by the tortious conduct of federal employees acting within the scope of their employment, when a private person would be liable for such conduct under state law. See 28 U.S.C.A. § 1346(b)(1). This waiver of sovereign immunity, however, is subject to exceptions. "The most important of these [exceptions] ... is the discretionary function exception," McMellon v. United States, 387 F.3d 329, 335 (4th Cir. 2004) (en banc), cert. denied, 544 U.S. 974, 125 S.Ct. 1828 (2005), which provides that the United States is not liable for "[a]ny claim ... based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused," 28 U.S.C.A. § 2680(a).

The discretionary function exception "marks the boundary between Congress' willingness to impose tort liability upon the United States and its desire to protect certain governmental activities from exposure to suit by private individuals." United States v. S.A. Empresa de Viacao Aerea Rio Grandense

6

(Varig Airlines), 467 U.S. 797, 808 (1984).  Congress enacted this exception "to prevent judicial second-guessing of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort ... [and] to protect the Government from liability that would seriously handicap efficient government operations."  Id. at 814 (internal quotation marks omitted).

In Welch v. United States, 409 F.3d 646 (4th Cir. 2005), we ruled that the plaintiffs bore the burden of proof to show an unequivocal waiver of sovereign immunity exists and to show that none of the FTCA's waiver exceptions apply.  However, Plaintiffs in this case attempt to get around our clear precedent by arguing that because Welch was decided in the context of the due care exemption, it is distinguishable from their case which concerns the discretionary function exemption.  We find their argument unpersuasive because our holding in Welch clearly dealt with all FTCA exemptions.  See also Williams v. United States, 50 F.3d 299, 304 (4th Cir. 1995) ("plaintiff bears the burden of persuasion if subject matter jurisdiction is challenged...because 'the party who sues the United States bears the burden of pointing to...an unequivocal waiver of immunity'").

B.

Next, Plaintiffs contend that the district court improperly granted the United States's motion to dismiss for lack of subject matter jurisdiction because the Plaintiffs did not establish that the discretionary function exemption did not apply. We review a grant of dismissal under Federal Rules of Civil Procedure Rule 12 (b)(1) for lack of subject matter jurisdiction de novo. Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999). As we stated above, plaintiffs have the burden in an FTCA case to prove an unequivocal waiver of sovereign immunity and the existence of subject matter jurisdiction. Welch, 409 F.3d at 650-51.

To determine whether conduct by a federal agency or employee fits within the discretionary function exception, we must first decide whether the challenged conduct "involves an element of judgment or choice." Berkovitz v. United States, 486 U.S. 531, 536, 108 S.Ct. 1954 (1988); see Id. (explaining that "the discretionary function exception will not apply when a federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow" because "the employee has no rightful option but to adhere to the directive"). If the conduct does involve such discretionary judgment, then we must determine "whether that judgment is of the kind that the discretionary function exception was designed

8

to shield," i.e., whether the challenged action is "based on considerations of public policy." Id. at 536-37. This inquiry focuses "not on the agent's subjective intent in exercising the discretion . . ., but on the nature of the actions taken and on whether they are susceptible to policy analysis." United States v. Gaubert, 499 U.S. 315, 325 (1991). Thus, "a reviewing court in the usual case is to look to the nature of the challenged decision in an objective, or general sense, and ask whether that decision is one which we would expect inherently to be grounded in considerations of policy." Baum v. United States, 986 F.2d 716, 720-21 (4th Cir.1993). Moreover, when a statute, regulation, or agency guideline permits a government agent to exercise discretion, "it must be presumed that the agent's acts are grounded in policy when exercising that discretion." Gaubert, 499 U.S. at 324.

The BOP's decisions regarding the hiring, supervision and retention of Coger are precisely the type of decisions that are protected under the discretionary function exception. We previously decided that government employers' hiring and supervisory decisions are discretionary functions. Suter v. United States, 441 F.3d 306, 312 n.6 (4th Cir. 2006). The hiring of an employee involves several public policy considerations including the weighing of the qualifications of candidates, weighing of the backgrounds of applicants,

9

consideration of staffing requirements, evaluation of the experience of candidates, and assessment of budgetary and economic considerations. Because this process is multi-faceted, it is precisely the type of decision that Congress intended to shield from liability through the discretionary function exception. The district court properly dismissed the Plaintiffs' negligent hiring, supervision and retention claim.

C.

Finally, Plaintiffs argue the district court improperly granted summary judgment on their vicarious liability claim. We review a district court's grant of summary judgment de novo. Howard v. Winter, 446 F.3d 559, 565 (4th Cir. 2006). Under West Virginia law, an employer cannot be held vicariously liable for an employee's misconduct if the employee engaged in criminal misconduct for his or her own purpose and interest. In Foodland v. State, 532 S.E.2d 661 (W. Va. 2000), the Supreme Court of Appeals of West Virginia defined the term "scope of employment" under West Virginia law:

> "Scope of employment" is a relative term and requires a consideration of surrounding circumstances, including the character of the employment, the nature of the wrongful deed, the time and place of its commission and the purpose of the act.
>
> In general terms, it may be said that an act is within the course of employment, if: (1) It is something fairly and naturally incident to the business and (2) it is done while the servant was engaged upon the master's business and is done, although mistakenly or

> ill-advisedly, with a view to further the master's interests, or from some impulse or emotion which naturally grew out of or was incident to the attempt to perform the master's business, and did not arise wholly from some external, independent and personal motive on the part of the servant to do the act upon his own account.

In Foodland, a store employee stole money from "WIC", a special supplemental nutrition program for women, infants and children. The Supreme Court of Appeals of West Virginia found that "[e]mployee theft [was] certainly not naturally incident to the owner's business and even though the act was done while the cashier was engaged in the owner's business, the theft was not done with a view to further the owner's interests. The theft arose from a personal motive on the part of the cashier to further her own interests. Under these circumstances, the employee theft from the WIC program simply does not fit within her scope of employment." Foodland, 532 S.E.2d at 665.

The alleged misconduct in this case was clearly for Coger's own personal interests. His demand for a truck, money, employment outside the prison, and football tickets were obviously based on his personal motives and were an attempt to derive benefits for his own personal gain. His threats and acts of intimidation were not designed to further the management and operation of the BOP but rather his own personal interests. Because this type of conduct was specifically barred by the BOP's rules of conduct, was obviously for Coger's own personal

11

gain, and was not intended to benefit the BOP or the United States, the district court correctly concluded that the United States cannot be vicariously liable for such misconduct. Coger's actions were beyond the scope of his employment with the BOP and thus could not be imputed to the United States. The district court properly granted summary judgment in favor of the United States on the Plaintiffs' vicarious liability claim.

## III.

For the foregoing reasons, we affirm the district court's decisions.

AFFIRMED