**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 22-1802**

———————————

LARRY GONZALEZ,

        Plaintiff - Appellant,

    v.

UNITED STATES OF AMERICA; TYRONE HENDERSON; J&J MOTORING, INC.,

        Defendants - Appellees.

———————————

Appeal from the United States District Court for the District of Maryland, at Greenbelt. George Jarrod Hazel, District Judge.  (8:20-cv-00137-GJH)

———————————

Submitted:  February 29, 2024                    Decided:  July 24, 2024

———————————

Before AGEE, RICHARDSON, and RUSHING, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

**ON BRIEF:** James A. DeVita, LAW OFFICE OF JAMES A. DEVITA, Arlington, Virginia, for Appellant.  Erek L. Barron, United States Attorney, Matthew A. Haven, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland; Colin Bell, LAW OFFICE OF SCHENKER & LOPEZ, Owings Mills, Maryland, for Appellees.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Larry Gonzalez appeals the district court's orders dismissing his claim under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680. Gonzalez's claims arose from injuries he suffered following a vehicle accident in Maryland, which occurred while he was an inmate and passenger in a prisoner transport vehicle. The district court dismissed Gonzalez's claims against the United States for lack of subject matter jurisdiction and dismissed his state law negligence claims against J&J Motoring, Inc. ("J&J Motoring"), and Tyrone Henderson (collectively, "Private Defendants"), under Fed. R. Civ. P. 12(b)(6), for failure to state a claim upon which relief could be granted. We affirm.

The district court properly dismissed Gonzalez's claims against the United States. As the district court explained, the FTCA waives the United States's sovereign immunity in certain circumstances only. *See Welch v. United States*, 409 F.3d 646, 651 (4th Cir. 2005). It does not waive immunity for "[a]ny claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid." 28 U.S.C. § 2680(a). Here, the United States Marshals that Gonzalez alleges were negligent by not securing him with a seatbelt during transport were acting pursuant to U.S. Marshal Service Policy Directive 9.21(E)(1)(g), which requires Marshals to remove or render inoperable all rear seat belts in vehicles used to transport prisoners. Thus, by not securing Gonzalez with a seatbelt, the district court determined the Marshals were "exercising due care[]" pursuant to the regulation.

2

On appeal, Gonzalez claims that the district court erred in making the above determination because the court "rel[ied] upon a hearsay statement" to determine that Policy Directive 9.21(E)(1)(g) was in effect at the time of the car accident and otherwise didn't confirm that Gonzalez was in a vehicle to which the policy applied. Appellant's Br. at 18–19. But the affidavit that the court relied on contained only statements of the affiant, *see* J.A. 42–43, and Gonzalez acknowledged below that Policy Directive 9.21(E)(1)(g) was in effect at the time of the accident and bound the Marshals who transported him, J.A. 96–97. Because neither of Gonzalez's arguments have merit, we affirm the district court's dismissal of the claims against the United States for lack of subject matter jurisdiction.

The district court also properly dismissed Gonzalez's claims against Private Defendants under Rule 12(b)(6). It found that Maryland's three-year statute of limitations barred those claims, *see Litz v. Md. Dep't of Env't*, 76 A.3d 1076, 1086 (Md. 2013), and that neither the discovery rule nor judicial or equitable tolling applied. Gonzalez acknowledges on appeal that he did not seek to add Private Defendants as defendants until after the expiration of the limitations period, but he contends that Maryland law would nonetheless permit his claims. Upon de novo review, *Williams v. Kincaid*, 45 F.4th 759, 765 (4th Cir. 2022), we hold that the district court properly determined that the law provides Gonzalez no respite from the three-year statute of limitations he failed to file within.

Lastly, the district court properly denied Gonzalez's motion for leave to file a fourth amended complaint. "[A] district court may not deny . . . a motion [to amend] simply because it has entered judgment against the plaintiff." *Laber v. Harvey*, 438 F.3d 404, 427

(4th Cir. 2006) (en banc).  Instead, "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." *Id.* at 426 (internal quotation marks omitted).    As to the United States, Gonzalez merely sought to add another Marshal as a defendant.  Doing so would be futile—for "the FTCA clearly provides that the United States is the only proper defendant in a suit alleging negligence by a federal employee." *See Mynatt v. United States*, 45 F.4th 889, 894 n.1 (6th Cir. 2022) (cleaned up).  As to the private defendants, Gonzalez's proposed amendments were in support of his arguments that the discovery rule, judicial tolling, and equitable tolling work to save his claim from being dismissed on statute-of-limitations grounds.  As we find none of those doctrines would apply even were the proposed amendments in his complaint, the amendments are futile, too.

In accordance with the above, the district court's order is

*AFFIRMED*.

4